**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DANNY LEON LYNCH, JR.,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-1446-G-BH |
| | ) | No. 3:07-CR-0153-P |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, received May 27, 2016 (doc. 2), and *Motion For Stay of Proceedings Until the Supreme Court Rules in Beckles…*, received August 2, 2016 (doc. 8). Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations, and the motion to stay should be **DENIED**.

**I. BACKGROUND**

Danny Leon Lynch, Jr. ("Movant"), an inmate in the federal prison system, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. (Doc. 2.) The respondent is the United States of America ("Government").

On July 10, 2007, Movant was charged by superseding indictment with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* doc. 16.)[1] He pled guilty on September 19, 2007. (*See* doc. 33.) On March 18, 2008, the United States Probation Office (USPO) filed a Presentence Report (PSR). (*See* doc. 35.) The PSR applied the career offender provisions of 2007 United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 based on prior felony convictions for robbery

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:07-CR-0153-P.

(Cause No. F-9972108) and burglary of a habitation (Cause No. F-0451309), which resulted in an adjusted offense level of 32. (*See* doc 35 at 9, 12-13, ¶ 68.) The offense level was reduced to 29 for acceptance of responsibility. (*See id*. at 13, ¶ 69, 70.) The PSR assessed his criminal history category as VI, and the guideline sentencing range was 151—188 months (*see id*. at 33, ¶ 129.) By judgment entered on January 31, 2008, Movant was sentenced to 160 months' imprisonment, to run concurrently, and a three-year term of supervised release.[2] (*See* doc. 43 at 2-3.) The judgment was affirmed on appeal. *United States v. Lynch*, No. 08-10107 (5th Cir. Dec. 2, 2008.)

Movant's signed his § 2255 motion on May 22, 2016. (*See* 3:16-CV-1446-G, doc. 2 at 10.) Citing *Johnson v. United States*, 135 S.Ct. 2551 (2015), it challenges his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 (increased offense level if "the defendant has at least two prior felony convictions of . . . a crime of violence"). The government filed a response to the § 2255 motion on July 15, 2016. (*See* 3:16-CV-1446-G, doc. 5.) Movant filed a reply brief on August 2, 2016. (*See id.*, doc. 6.) He also moved for a stay based on the grant of certiorari in *Beckles v. United States*, No. 15-8544 (June 27, 2016). (*See id.*, doc. 8.) The government responded on August 12, 2016 (*id. See id*., doc. 11), and he replied on October 4, 2016. (*See id*., doc. 13.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

---

[2] An amended judgment was entered on May 14, 2009, to reflect the assessment was $500, instead of $100.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), Movant's conviction became final on March 9, 2009, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). He does not allege that government action prevented him from filing a § 2255 motion earlier, so § 2255(f)(2) does not apply. The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) also does not apply.

**A.     Newly Recognized Right**

Movant cites *Johnson*, in which the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. Movant was not sentenced under the ACCA; he was sentenced under U.S.S.G. § 4B1.1. The Supreme Court has granted certiorari in *Beckles v. United States*, No. 15-8544 (June 27, 2016), to determine whether *Johnson* should also apply to a residual clause under the sentencing guidelines that is identical to the ACCA residual clause, and if so,

3

whether it should apply retroactively to cases on collateral review.

Section 4B1.1 provides the sentencing enhancement for crimes of violence. The term "crime of violence" is defined in the 2007 version of U.S.S.G § 4B1.2(a) as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Movant was convicted of a burglary of a habitation by intentionally or knowingly entering a habitation without the effective consent of the owner, with the intent to commit theft (*see* doc. 16 at 3), which is a violation of Texas Penal Code § 30.02(a)(1) ("[a] person commits an offense if, without the effective consent of the owner, the person . . . enters a habitation . . . with intent to commit . . . theft"). A conviction for burglary of a habitation under § 30.02(a)(1) constitutes a conviction for burglary of a dwelling, which is enumerate under § 4B1.2(a)(2) as a crime of violence.[3] *See United States v. Carrillo*, 421 F. App'x 395, 396 (5th Cir. 2011); *see also United States v. Uribe*, No. 15-51223, ___ F.3d ___, 2016 WL 5724779 at *1-2 (5th Cir. Oct. 3, 2016) (burglary of habitation conviction under § 30.02(a)(1) constitutes burglary of a dwelling, which is enumerated under U.S.S.G. § 2L.2 as a crime of violence); *United States v. Conde-Castaneda*, 753 F.3d 172, 175-79 (5th Cir. 2014) (same). Because the residual clause of § 4B1.2(a)(2) was not

---

[3] Movant was also convicted of committing the burglary of a habitation by entering the habitation without the effective consent of the owner and by committing or attempting to commit theft, (*see* doc. 16 at 3), which is a violation of Texas Penal Code § 30.02(a)(3). Burglary of a habitation under § 30.02(a)(3) is not a crime of violence comparable to burglary of a dwelling, because it lacks the specific intent to commit theft. *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). Movant was also convicted of committing the burglary of a habitation under § 30.02(a)(1), which is a crime of violence comparable to burglary of a dwelling. *See United States v. Uribe*, 2016 WL 5724779 at *2 (conviction for burglary under both § 30.02(a)(1) and § 30.02(a)(3) counts as a conviction for a crime of violence).

applied to the Movant's burglary conviction, *Johnson* has no effect on his claim, so the *Beckles* decision will have no effect on his claim. Section 2255(f)(3) does not apply here.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, March 9, 2009, the one-year statute of limitations began to run from that date. He did not file his current § 2255 motion until May 22, 2016, at the earliest.[4] It is untimely in the absence of equitable tolling.

**B.    Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

(5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. His § 2255 motion is untimely.

### III. MOTION TO STAY

As discussed, *Beckles* will not affect this case because the burglary conviction was an enumerated crime of violence under § 4B1.2(a)(2). The motion to stay should therefore be denied.

### IV. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations. The motion to stay should be **DENIED**.

**SIGNED this 24th day of October, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE